UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIGUEL TENEMAZA,

                    Plaintiff,                                **COMPLAINT**
     -against-

EAST END MATERIALS, INC. and
JAMES FUNFGELD,
                    Defendants.
------------------------------------------------------------------------X

       Plaintiff, MIGUEL TENEMAZA ("Plaintiff"), by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, EAST END MATERIALS, INC. and (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

       1.     Plaintiff brings this action against Defendants to recover unpaid premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

       3.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

       4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Defendant, EAST END MATERIALS, INC., is a domestic business corporation with offices at 31 Old Dock Road, Yaphank, New York 11980.

6. At all relevant times, EAST END MATERIALS, INC. was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

7. At all times relevant, Defendant, EAST END MATERIALS, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

8. Defendant, JAMES FUNFGELD, is and/or was an officer or owner of EAST END MATERIALS, INC., had authority to make payroll and personnel decisions for the corporation, was active in the day to day management of the corporation, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

9. Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and New York State Labor Law § 190(2).

## FACTS

10. Plaintiff was employed by Defendants as a laborer from in or about June 2017 until in or about April 2020.

11. Plaintiff regularly worked Monday through Saturday. Plaintiff began work at 4:30 a.m. at Defendants' yard in Yaphank, New York. The time that Plaintiff finished work varied

from workday to workday.  Plaintiff often did not finish work until 5:00 or 6:00 p.m.  On Saturdays, Plaintiff worked from 7:00 a.m. until 2:00 p.m.

12. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week but Defendants failed to pay Plaintiff at a rate not less than one and one-half times his regular rate of pay for all hours worked after 40 hours per workweek.  Instead, Defendants paid Plaintiff straight-time at his regular rate of pay for all hours worked each workweek, including those hours worked after 40 hours per workweek.

13. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the actual hours worked by Plaintiff daily and weekly.

14. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon each Plaintiff's hire as required by New York Labor Law § 195(1).

15. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including their correct hourly rates of pay and their amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

16. Defendants entered into contracts with governmental entities to provide construction services upon Public Works Projects.

17. Under the public works contracts, Defendants agreed to comply with the requirements of New York Labor Law § 220 and that all employees, including subcontractors' employees, would be paid prevailing wages and supplements.  The Prime Contract was required to include this provision pursuant to the New York Labor Law.

18. Upon information and belief, the contracts for these public works projects required that Defendants pay and ensure payment of the prevailing rates of wages and supplements to all

workers furnishing labor on the sites of the public work projects. Upon information and belief, the public works contracts also provided that any subcontracts that Defendants entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

19. As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff should have been annexed to and formed as part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

20. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

21. Defendants paid Plaintiff less than the prevailing rates of wages and supplements to which Plaintiff was entitled.

22. Plaintiff is a third-party beneficiary of Defendants' promise in the public works contracts to pay all employees prevailing wages and supplements.

23. Plaintiff has not received wages for all hours worked at the rates required by the public works contracts.

24. As an employee of Defendants who was assigned to work on Defendants' publicly financed projects, Plaintiff was an intended third-party beneficiary of Defendants' public works contracts.

25. Defendants failed to pay Plaintiff at the appropriate prevailing wage rates for their publicly financed contracts.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES

26. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

27. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

28. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

29. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW – UNPAID OVERTIME WAGES

30. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

32. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

33. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

34. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONRACT AS THIRD-PARTY BENEFICIARY

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiff provided labor.

37. Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff a "prevailing wage."

38. Plaintiff was a third-party beneficiary of the contracts entered into by Defendants.

39. Defendants breached the Public Works contracts in that they failed to pay Plaintiff the prevailing wages for all labor performed on the Public Works Projects and that Plaintiff did not receive the monies they were due as a third-party beneficiary of the contracts.

40. Defendants are liable to Plaintiff for damages based upon an accounting of the wages the Plaintiff was paid and the wages he was entitled to be paid as a third-party beneficiary of the contracts.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW WAGE NOTICE VIOLATION)

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the New York Labor Law.

43. Due to Defendants' failure to provide Plaintiff with the notice required by Section 195(1) of the New York Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## SIXTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW WAGE STATEMENT VIOLATION

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including the correct hourly rates of pay and their amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

46. Due to Defendants' failure to provide Plaintiff s with an accurate wage statement with their wages as required by New York Labor Law § 195(3), Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prayS for the following relief:

i. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Unpaid wages pursuant to Labor Law § 650 *et seq.*, and Department of Labor Regulations, plus liquidated damages;

iv. Unpaid prevailing wages and supplemental benefits;

v. Damages pursuant to Labor Law § 198;

vi. Pre- and post-judgment interest as permitted by law;

vii. All attorneys' fees and costs incurred in prosecuting these claims; and

viii. Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       December 7, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

*/s Peter A. Romero*

By: _____
Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, NY 11788
(631) 257-5588
Promero@RomeroLawNY.com

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against East End Materials, Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

_____  
Miguel Tenemaza

05/15/20  
Date